UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS A. CANNELL,

    Plaintiff,

v.

DENVER COUNTY SHERIFF, et al.,

    Defendants.

No. 20-CV-11812-DLC

## ORDER TO TRANSFER

Cabell, U.S.M.J.

    *Pro se* plaintiff Thomas A. Cannell, who is in custody of the Denver County Sheriff's Department in Denver, Colorado, has filed a civil complaint in which he alleges that he is being medicated against his will at that facility. Cannell's papers suggest that he is a pretrial detainee. Cannell brings this action against the Denver Sheriff's Department, the County of Denver, and Dr. Sasha Rey. According to an exhibit to the complaint, Dr. Ray is an expert in psychiatry who was authorized by a Colorado probate court in May 2020 to administer medication to Cannell to treat a psychotic disorder. For the reasons stated below, the Court finds that venue does not lie in the

District of Massachusetts and orders that this action be transferred to the District of Colorado.

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts."  28 U.S.C. § 1390(a).  Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case.  "In most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial."  *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979).  The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under this rubric, the District of Massachusetts is not the proper venue for this action.  Cannell's complaint concerns alleged misconduct by three defendants in Colorado.  The alleged misconduct giving rise to Cannell's claims occurred in Colorado.

Cannell's claims do not have sufficient, if any, connection for the District of Massachusetts for venue to lie here.

Accordingly, the Court orders that this action be transferred to the United States District Court for the District of Colorado.  See 28 U.S.C. § 1406(b).

The Clerk shall take no action with respect to this order until 15 days from the date this order is docketed.  In the event that, within such 15-day period, the plaintiff files objections to this order, the case shall be reassigned to a District Judge and the Clerk shall take no action on this order until matter is decided by the District Judge.[1]

                                              /s/ Donald L. Cabell
                                              DONALD L. CABELL, U.S.M.J.

DATED:  5/17/2021

---

[1] See Fed. R. Civ. P. 72(a) (providing that, for non-dispositive matters adjudicated by a magistrate judge, "[a] party may serve and file objections to the order within 14 days").